UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MIGUEL DIAZ,

    Plaintiff,

v.

BRANDON ROBERTS, JOESPH NOETH, ANOTHONY ANNUCCI, A. SNYDER, L. BUSH, DR. JOHN MORLEY, S. SKAWENSKI, and JOHN DOES 1-7

    Defendants.

19-CV-6872 CJS
DECISION AND ORDER

Plaintiff Miguel Diaz, a state prisoner presently housed at the Attica Correctional Facility in Attica, New York, has filed a pro se Complaint under 42 U.S.C. § 1983 alleging claims against Bandon Roberts, Joseph Noeth, Anthony Annucci, A. Snyder, L. Bush, Dr. John Morley, S. Skawenski, and John Does 1-7 (Docket ("Dkt.") No. 1.) He has submitted an application to proceed in forma pauperis and has filed a signed authorization. (Dkt. No. 2.) He has also filed a motion for appointment of counsel (Dkt. No. 3).

## **DISCUSSION**

Because Diaz has met the statutory requirements of 28 U.S.C. § 1915(a) and filed the required authorization, (Dkt. No. 2), he is granted permission to proceed in forma pauperis. Therefore, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), this Court must screen the Complaint.

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007)

(citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The Court shall dismiss a Complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the Court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2). Generally, the Court will afford a pro se plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). But leave to amend pleadings may be denied when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## I. Factual Allegations

On October 8, 2019, Diaz was in Attica observation waiting to be treated when he was physically and sexually assaulted by the correctional officer Defendants. (Dkt. No. 1 at 6.) Diaz was beaten to the ground and while on the ground, one of the correctional officers inserted either a finger or a walkie talkie antenna into his rectum. (*Id.*) As a result, he suffered a temporary paralysis of both legs that lasted almost twelve hours. (*Id.*) All of the officers except Snyder and Skawenski wore masks and helmets making it impossible for Diaz to identify them. (*Id.*) Diaz identified Roberts after he removed his helmet. (*Id.*) Noeth and Annucci oversee and approve all actions and were aware of prior assaults.

After he was assaulted, Diaz was taken to the infirmary where he was seen by Nurse Bush for possible treatment. (*Id.* at 7.) Despite Diaz' inability to stand or walk and

the fact that there was blood in his stool which lasted ten days, Bush told Diaz he was fine and she walked away without examining or treating him.[1] (*Id.*)

Diaz alleges claims for excessive force, failure to protect and failure to provide medical treatment.

**II.    Standard of Review**

In evaluating the Complaint, the Court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in pro se cases after *Twombly*: "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted pro se must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

---

[1] In the exhibits attached to the Complaint, an "Ambulatory Health Record Progress Note," not written by Bush, suggests that Diaz refused to be examined (Dkt. No. 1 at 9), however Diaz denies that he ever refused to be examined (*Id.* at 15.)  As it is required to do at this juncture, the Court assumes Diaz's allegations as true. *See Larkin*, 318 F.3d at 139.

3

## III. Analysis

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

### A. Defendants Noeth, Annucci and Morley

Diaz does not set forth any allegations to suggest that Noeth and Annucci were personally involved in the October 8, 2019 assault against him. Nor does he allege that Morley was personally involved in denying him medical care.

In order to establish a claim against a defendant in a § 1983 action, the plaintiff must allege that the defendant had some personal involvement in the allegedly unlawful conduct. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). In other words, supervisory officials may not be held liable merely because they held a position of authority. *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). That Noeth and Annucci oversee the Defendant correctional officers' actions or were aware of prior assaults is insufficient to demonstrate that they were personally involved in, or even aware of, the October 8, 2019 assault against Diaz. Likewise, that Morley oversees medical staff employed by DOCCS, is insufficient to demonstrate that he was personally involved in denying Diaz medical care. Since Diaz has not set forth any allegations to suggest that Noeth, Annucci or Morley

4

were personally involved in the complained-of events, they must be dismissed and terminated as Defendants from this action. Although Diaz attaches as exhibits to his Complaint letters he wrote to Noeth, Annucci, and Morley to which they did not respond, Diaz cannot establish § 1983 liability based solely on their failure to respond to his letters. "Generally, the allegation that a supervisory official ignored a prisoner's letter protesting unconstitutional conduct is not itself sufficient to allege the personal involvement of the official so as to create liability under § 1983." *Gayle v. Lucas*, 1998 WL 148416, at *4 (S.D.N.Y. 1998). *Cf. Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (plaintiff's allegation that the superintendent of a correctional facility did not respond to his letter of his complaint did not raise a triable issue of fact where the contents of the letter were not specified); *Davis v. City of New York*, 2000 WL 1877045. *9 (S.D.N.Y. 2000) (finding no personal involvement where supervisory official ignored letter of protest and had no other involvement in the alleged constitutional deprivation); *Richardson v. Coughlin*, 101 F. Supp.2d 127, 132-133 (W.D.N.Y. 2000) (granting summary judgment to supervisory official on ground that no personal involvement in constitutional violation shown where defendant merely ignored prisoner's letter of complaint); *Pritchett v. Artuz*, 2000 WL 4157, at *6 (S.D.N.Y. 2000) (finding no personal involvement and thus no § 1983 liability where supervisory official ignored prisoner's letter of complaint); *Thomas v. Coombe*, 1998 WL 391143, at *6 (S.D.N.Y. 1998) ("the fact that an official ignored a letter alleging unconstitutional conduct is not enough to establish personal involvement"); *Higgins v. Artuz*, 1997 WL 466505, at *7 (S.D.N.Y. 1997) (same) (collecting cases); *Kopec v. Coughlin*, 767 F. Supp. 463, 466 (S.D.N.Y. 1990), *vacated on other grounds*, 922 F.2d 152 (2d Cir. 1991) (holding that failure to respond to plaintiff's letter requesting help does

not in itself evince deliberate indifference to plaintiff's medical needs); *Garrido v. Coughlin*, 716 F. Supp. 98, 100 (S.D.N.Y. 1989) (complaint against DOCS Commissioner dismissed where his only alleged connection to the case was that "he ignored [plaintiff's] letter of protest and request for an investigation of the allegations in [the] action").

### B. Eighth Amendment Violations

#### 1. Correctional Officers

Diaz alleges that Roberts, Snyder, Skawenski and Does 1-7 used excessive force against him when they beat him and inserted something into his rectum. He also alleges that the correctional officer Defendants failed to protect him from being assaulted.

The Eighth Amendment prohibition against cruel and unusual punishment encompasses the use of excessive force against an inmate, who must prove two components: (1) subjectively, that the defendant acted wantonly and in bad faith, and (2) objectively, that the Defendant's actions violated "contemporary standards of decency." *Blyden v. Mancusi*, 186 F.3d 252, 262–63 (2d Cir. 1999) (internal quotations omitted) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).

The key inquiry into a claim of excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986)); *see also Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) ("[t]he Supreme Court has

emphasized that the nature of the force applied is the core judicial inquiry in excessive force cases—not whether a certain quantum of injury was sustained.").

At this juncture, the facts alleged in the Complaint are sufficient to serve this claim on Roberts, Snyder, Skawenski and Does 1-7.[2]

Diaz's failure to protect claim is, however, insufficient for service.

Prison officials are required to take reasonable measures to guarantee the safety of inmates in their custody. *Farmer v. Brennan*, 511 U.S. 825, 837 (1970). The failure of corrections officers to employ reasonable measures to protect an inmate from violence by others may rise to the level of an Eighth Amendment violation. *See Ayers v. Coughlin*, 780 F.2d 205, 209 (2d Cir. 1985). "Failure to intercede results in liability where an officer

---

[2] Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997)(per curiam), the Court requests that the New York State Attorney General's Office ascertain the full name of the seven Doe Defendants who were present at the October 8, 2019 incident about which Diaz complains. The Attorney General's Office is also requested to provide the address where he or she can currently be served. The Attorney General's Office need not undertake to defend or indemnify this individual at this juncture.

The Attorney General's Office is hereby requested to produce the information specified above within 35 days of the date of this order. The information shall be forwarded to the Court's Pro Se Unit, United States District Court, 2120 Kenneth B. Keating Federal Building, 100 State Street, Rochester, New York 14614. Once this information is provided, Diaz's Complaint shall be deemed amended to reflect the full name of the John Doe Defendants, a summons shall issue and the Defendants shall be served.

The Clerk of the Court is also directed to forward a copy of this Order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office <Michael.Russo@ag.ny.gov>.

observes excessive force being used or has reason to know that it will be." *Curley v. Vill. of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001).

In order to succeed on a claim of failure to protect, the inmate "must establish both that a substantial risk to his safety actually existed and that the offending [defendant] knew of and consciously disregarded that risk." *Walsh v. Goord*, No. 07-CV-0246, 2007 WL 1572146, at *9 (W.D.N.Y. May 23, 2007) (quoting *Farmer*, 511 at 837). In addition, a failure-to-protect claim requires a showing that prison officials acted with "deliberate indifference" to the inmate's safety. *Morales v. New York State Dep't of Corr.*, 842 F.2d 27, 30 (2d Cir. 1988).

Diaz does not set forth any facts to suggest that any of the correctional officer Defendants failed to protect him from the October 8, 2019 incident. As such, this claim is dismissed without prejudice and with leave to amend as discussed below.

### 2. Nurse Bush

Diaz alleges that Bush failed to provide any medical treatment after he was assaulted despite the temporary paralysis of both his legs and the presence of blood in his stool.

To substantiate an Eighth Amendment, claim for inadequate medical treatment, a prisoner must prove that the defendant was deliberately indifferent to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). As with Diaz's other Eighth Amendment claims, "[t]he standard for deliberate indifference includes a subjective component and an objective component." *Hill*, 657 F.3d at 122. "Subjectively, the official charged with deliberate indifference must act with a sufficiently culpable state of mind." *Id.* (internal quotation

marks omitted). "The objective component requires that the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Id.* (internal quotation marks omitted).

The Second Circuit employs a two-part inquiry to determine whether an alleged deprivation is objectively serious. *See Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006). "The first inquiry is whether the prisoner was actually deprived of adequate medical care." *Id.* at 279. The second inquiry asks, "whether the inadequacy in medical care is sufficiently serious." *Id.* at 280.

At this juncture, the facts alleged in the Complaint are sufficient to serve this claim on Bush.

### C.     Leave to Amend

Should Diaz seek to pursue one or more of the claims dismissed without prejudice by the Court herein, he must file an Amended Complaint. Any Amended Complaint, which shall supersede and replace the original Complaint in its entirety, must allege claims of misconduct or wrongdoing against each named defendant which Diaz has a legal right to pursue, and over which the Court may properly exercise jurisdiction. Any Amended Complaint filed by Diaz must also comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure and will be subject to review by the Court pursuant to 28 U.S.C. § § 1915(e)(2)(B) and 1915A in the same manner as the Complaint was reviewed herein.

### D.     *Valentin* Order

Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997)(per curiam), the Court requests that the New York State Attorney General's Office ascertain the full name of the

9

seven Doe Defendants who were present at the October 8, 2019 incident about which Diaz complains. The Attorney General's Office is also requested to provide the address where he or she can currently be served. The Attorney General's Office need not undertake to defend or indemnify this individual at this juncture.

The Attorney General's Office is hereby requested to produce the information specified above within 35 days of the date of this order. The information shall be forwarded to the Court's Pro Se Unit, United States District Court, 2120 Kenneth B. Keating Federal Building, 100 State Street, Rochester, New York 14614. Once this information is provided, Diaz's Complaint shall be deemed amended to reflect the full name of the John Doe Defendants, a summons shall issue and the Defendants shall be served.

The Clerk of the Court is also directed to forward a copy of this Order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office <Michael.Russo@ag.ny.gov>.

## **CONCLUSION**

For the reasons set forth above, Diaz may proceed on his excessive force claim against Roberts, Snyder, Skawenski and Does 1-7 and his claim for denial of medical treatment against Bush. His claims against Noeth, Annucci and Morley are dismissed with prejudice and without leave to amend. His failure to protect claim against Roberts, Snyder, Skawenski and Does 1-7 will be dismissed under 28 U.S.C. § 1915(e)(2)(B) and 1915A(b) unless he files an Amended Complaint within **thirty-five days of the date of this order** which includes the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Diaz is advised that an Amended Complaint is intended to **completely replace** the prior Complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978*); see also Shields v. Citytrust Bancorp*, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, any Amended Complaint must include all allegations against each of the defendants so that the Amended Complaint stands alone as the only Complaint that the defendants must answer in this action.

## ORDER

In light of the above,

IT HEREBY IS ORDERED that Diaz's motion to proceed *in forma pauperis* is granted; and it is further

ORDERED that Diaz's motion for the appointment of counsel is denied as premature;[3] and it is further

ORDERED that the Clerk of Court shall terminate Noeth, Annucci, and Morley as defendants from this action; and it is further

ORDERED that Diaz is granted leave to file an Amended Complaint as directed above no later than thirty-five days after the date of this order; and it is further

ORDERED that if Diaz does not timely file an Amended Complaint as directed above, all claims that are insufficient for service, as described above, shall be dismissed

---

[3] There is insufficient information before the Court at this time to make the necessary assessment of Diaz's claims under the standards promulgated by *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), as no issue has yet to be joined. Therefore, Diaz's motion for appointment of counsel is denied without prejudice at this time. It is Diaz's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654

with prejudice without further order of the Court; and all claims deemed sufficient for service, as described above, shall be served on the Defendants as explained below; and it is further

ORDERED that, if Diaz does not timely file an Amended Complaint, the Clerk of Court is directed to cause the United States Marshal to serve copies of the Summons, Complaint and this Order on Defendants Roberts, Snyder, Skawenski, Does 1-7, once identified, and Bush without Diaz's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Diaz's favor; and it is further

ORDERED, that, if Diaz does not timely file an Amended Complaint and the Complaint is served as directed above, the Clerk of Court is directed to forward a copy of the Summons, Complaint and this Order by email to Ted O'Brien Assistant Attorney General in Charge, Rochester Regional Office <Ted.O'Brien@ag.ny.gov>;[4]

SO ORDERED.

Dated: March 4, 2020
Rochester, New York

                                            */s/ Charles J. Siragusa*
                                            CHARLES J. SIRAGUSA
                                            UNITED STATES DISTRICT JUDGE

---

[4] Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, *see* Fed. R. Civ. P 12(a)-(b), if the defendant or the defendant's agent has returned an Acknowledgement of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.