UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MIGUEL DIAZ,

                                        Plaintiff,

-vs-

BRANDON ROBERTS, et al.,

                                        Defendants.

_____

DECISION and
ORDER

19-CV-6872 CJS

## INTRODUCTION

Miguel Diaz ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 ("Section 1983") maintaining that the defendants violated his federal constitutional rights.  On August 11, 2023, Plaintiff filed an "emergency request" (ECF No. 113) objecting to a decision (ECF No. 107) of the Honorable Mark W. Pedersen, United States Magistrate Judge. The application, which the Court construes as an objection to a non-dispositive pretrial order, is denied.

## BACKGROUND

On October 20, 2022, the undersigned issued an Order (ECF No. 65) referring all non-dispositive pretrial maters in this action to Magistrate Judge Pedersen pursuant to 28 U.S.C. § 636(b)(1)(A)&(B).   Pursuant to that referral, Magistrate Judge Pedersen subsequently issued a Case Management Order (ECF No. 82), and has overseen scheduling and discovery matters.  Additionally, and pursuant to that same referral order, on August 1, 2023, Magistrate Judge Pedersen issued a Decision and Order (ECF No.

107) denying a Motion to Compel (ECF No. 92) by Plaintiff and granting a Cross-Motion to Compel (ECF No. 98) by Defendants.  Plaintiff's application had asked for an order compelling Defendants to provide allegedly-withheld video footage of an alleged assault by Defendants, while Defendants' cross-motion sought an order compelling Plaintiff to provide HIPAA authorizations.  Magistrate Judge Pedersen denied the first application, finding that Defendants had already provided Plaintiff with all existing video footage, and granted the second application, finding that Plaintiff had, contrary to what he maintained, placed his physical and mental health at issue in the action, thereby waiving any privilege with regard to his medical records.  Magistrate Judge Pedersen further ruled that Defendants could, within thirty days, apply for an order awarding them reasonable expenses, including attorney's fees, incurred in making their Cross-Motion to Compel.

On August 11, 2023, Plaintiff filed the subject "emergency request" (ECF No. 113) objecting to Magistrate Judge Pedersen's Decision and Order (ECF No. 107).  Plaintiff first contends that Magistrate Judge Pedersen was not authorized to issue his Decision and Order (ECF No. 107), since Plaintiff never consented to having Magistrate Judge Pedersen preside over the action.  Plaintiff maintains, therefore, that Magistrate Judge Pedersen should be "removed" from the action, and that his orders in this action should be vacated.  Further, Plaintiff maintains that Magistrate Judge Pedersen erred in directing Defendants to file a motion for attorney's fees.  Finally, Plaintiff asserts that any such demand for attorneys fees by Defendants should be denied as "ludicrous."

For the reasons discussed below, Plaintiff's arguments either lack merit or are premature, and his objections are therefore denied.

## APPLICABLE LEGAL PRINCIPLES

<u>Plaintiff's *Pro Se* Status</u>

Plaintiff is proceeding *pro se*. Accordingly, the Court has construed his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

<u>The Matter is Properly Referred to Magistrate Judge Pedersen</u>

Plaintiff contends that Magistrate Judge Pedersen has no authority to make rulings on non-dispositive matters in this case without his consent. However, Plaintiff is mistaken on that point:

> As a matter of case management, a district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision *without the parties' consent*. 28 U.S.C. § 636; Fed.R.Civ.P. 72(a). Under Rule 72(a), a party may object to the magistrate judge's order within ten days of being served with a copy. Id. The rule also provides that "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *Id*.

*Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) (emphasis added).

Here, Plaintiff has not shown that any portion of the Decision and Order (ECF No. 107) is clearly erroneous or contrary to law. As mentioned earlier, the undersigned referred this matter to Magistrate Judge Pedersen for the handling of all non-dispositve pretrial matters, including discovery related motions. Consequently, it was proper for Magistrate Judge Pedersen to issue the ruling to which Plaintiff now objects, and Plaintiff's request, to have Magistrate Judge Pedersen "removed" from the action and to have his rulings "vacated," is denied.

<u>Plaintiff's Objections to the Portion of the Decision and Order Directing
Defendants to File a Motion for Attorney Fees is Premature</u>

Plaintiff next complains that Magistrate Judge Pedersen had no authority to direct Defendants to file a motion for attorney's fees, and that such an application would lack merit in any event.  However, the Court again notes that Magistrate Judge Pedersen has authority over non-dispositive pretrial matters.  Therefore, insofar as Plaintiff objects that Magistrate Judge Pedersen had no authority to direct Defendants to file a motion for attorneys fees, his objection lacks merits and is denied.  As for Plaintiff's final contention that any such motion by Defendants would lack merit, the Court finds that Plaintiff's objection must be denied as premature, since Magistrate Judge Pedersen has not yet indicated whether he will grant Plaintiff's request for attorney fees, ECF No. 108.  Once Magistrate Judge Pedersen issues a ruling on the attorney-fee request, Plaintiff may, if he wishes, file objections to that ruling.

## CONCLUSION

For the reasons discussed above Plaintiff's "emergency request" (ECF No. 113) objecting to a decision (ECF No. 107) of the Honorable Mark W. Pedersen, United States Magistrate Judge, which the Court liberally construes as an objection to a non-dispositive pretrial order, is denied.

SO ORDERED.

Dated: Rochester, New York
        August 22, 2023

ENTER:

CHARLES J. SIRAGUSA
United States District Judge